## TOWN & A. v. HAZEN.

A conveyed to B a lot of land, reserving all the wood and timber standing and down thereon, with one year to remove the same. Whatever wood and timber A cuts and severs from the soil within the year becomes his personal property, and remains his property after the year has expired, although he cannot remove the same after the expiration of the year without trespassing upon B.

If A, after the expiration of the year, enters upon B's land without his consent, and removes this wood, doing no unnecessary damage, he would only be liable for such actual damage as he caused to the land of B in removing it.

B has no lien upon the wood because it is thus left upon his land.

A has such an interest in and such a right to this wood, under these circumstances, as that he may maintain trover against B for a conversion of the same.

The fact that A should demand this wood of B after the expiration of the year, and B should neglect or refuse to deliver the same, would not amount to a conversion of the wood by B.

And if, upon the application of A for leave to enter on B's land, after the expiration of the year, to remove the wood, B should refuse to give his consent, and should even forbid his doing so, that would not amount to a conversion by B.

If B, in order that he might clear his land, or for any other proper purpose, should, after the expiration of the year, remove said wood from his land in a proper manner, and leave it in a proper place where A could conveniently remove or use the wood, B would not be liable for a conversion of the wood.

But if B should, after the year had expired, remove said wood to his own land, and then sell the same or use it as his own without regard to the rights of A, he would be liable for a conversion of the wood.

TROVER, by Geo. W. Town against Horace Hazen, for twenty cords of wood. March 29, 1869, Thomas R. Butterfield conveyed to the defendant a lot of land in Goffstown, reserving all the wood and timber standing or down thereon, with one year to remove the same. In February, 1870, Butterfield sold to the plaintiffs, for $8, the wood still remaining on said lot, which was then severed from the land, and consisted mostly of the tops of pine and chestnut trees. By reason of unfavorable weather the plaintiffs were unable to remove this wood before March 29, 1870; and after that time the defendant refused to allow them to enter upon his land to remove it, and afterwards hauled it off from this lot, and piled part of it by the side of the highway on his own land, and part of it in his pasture.

In order that the plaintiffs' damages might be assessed by the jury, the court, upon these facts, overruled the defendant's motion for a nonsuit, and ordered a verdict for the plaintiffs, which the defendant moved to set aside.

The case was reserved.

*Clark & Huse*, for the defendant, cited and commented upon *Edgerly* v. *Emerson*, 23 N. H. 555; *Howard* v. *Farr*, 18 N. H. 457; *Esty* v. *Graham*, 46 N. H. 169; *Odiorne* v. *Colley*, 2 N. H. 66; *Plumer* v. *Prescott*, 43 N. H. 279; *Dame* v. *Dame*, 38 N. H. 431–433; 2 N. H. 142.

*Little*, for the plaintiffs, cited and commented upon *Plumer* v. *Prescott*, 43 N. H. 279; *Kingsley* v. *Holbrook*, 45 N. H. 322, 323; *Cudworth* v. *Scott*, 41 N. H. 462; Morrison's Digest 187, sec. 370; *ibid* 617, sec. 11, and cases cited; Saunder's Pl. & Ev., vol. 2, 1158; *Baldwin* v. *Cole*, 6 Mod. 212; *Dame* v. *Dame*, 38 N. H. 431; Greenl. on Ev., sec. 642, vol. 2.

SARGENT, J. It appears from the briefs on both sides that there are many other facts which the parties claim to exist besides those which appear in this case; and, upon an examination of the case, our impression is that there are not facts enough there found, taken alone, to justify ordering a verdict either way. One thing is certain, that the wood in question was cut before the time limited in the contract expired, and while the plaintiffs had the right to cut it; and, also, that it was not removed within the time limited in said contract.

Upon the authority of *Dame* v. *Dame*, 38 N. H. 429, and *Plumer* v. *Prescott*, 43 N. H. 277, it would seem be to settled that, as the wood was cut and severed from the soil within the time stipulated, it became the personal property of the plaintiffs, and continued to be their property after the time for removal had expired ; that they might have entered and removed it by simply making themselves liable for the actual damages done to the defendant in removing the same from his close.

At the same time it seems clear that the defendant would not necessarily become liable in trover for the wood, by refusing to give permission to the plaintiffs to enter his land to remove it after the time fixed upon had expired ; nor would he be thus liable for not delivering the wood to the plaintiffs on demand, nor would he perhaps necessarily become liable in that action for removing the wood himself, though the circumstances of the removal might be such as to make him liable in such action.

But here none of the circumstances are stated.  It does not appear whether the wood was suffered to remain a day, or a week, or a month, or six months before it was removed, nor does it appear *why* it was removed at all.  Did the defendant wish to clear the land, and burn the brush, and prepare it for a crop that season ?  And did he, because he wished thus or in any other way to use his land, remove this wood, and did he remove it properly and without unnecessary damage ?  Did he leave it where it would be as convenient for the plaintiffs to use, as under all the circumstances he should have done, having regard first to his own convenience and accommodation ?  or, did he move it carelessly, and in a way unnecessarily to injure the wood ?  or, did he remove it for his own use without reference to needing or wishing to clear or occupy the land, and has he since used or sold it, or any part thereof, himself ?  or, did he put it in a place where it would be inconvenient for the plaintiffs to get it away, or difficult for them to find it ?  Did he put himself to inconvenience in order to make it inconvenient for the plaintiffs ?  Did the defendant, when he moved the wood, intend to respect the plaintiffs' rights to it, and only do what he needed to do for his own proper and convenient use of the land ?  or, did he intend to take and use the wood as his own, regardless of the plaintiffs' rights ?

It would seem evident that these questions might be answered by a jury in such a way as to make the defendant liable in trover ; and they might be so answered as that he would clearly not be thus liable. There is nothing in the case as drawn that tends to show that the defendant had any lien upon the wood, which would defeat the plaintiffs' claim, or prevent their recovery in this action.  Neither would it follow, because the plaintiffs could not get actual possession of their property without committing a trespass, that they had and could have no such possession or right of possession as would enable them to maintain trover against a man who, without right, should convert it.

Suppose my horse or ox should escape from my enclosure into the field of B, without B's fault, and is there doing damage :  I cannot go into B's field to drive him out or to lead him out without being a trespasser ;

but still, I do not lose my property in my horse or ox, nor my right to possession, so but that I could maintain trover against a man for taking him and appropriating him to his own use without right; neither does it give B any authority to kill my animal, or to sell him, or to take him home and use him as his own, because he may be trespassing on his land; notwithstanding, I cannot, while he is thus trespassing, go upon B's land and take him away without his consent, without committing a second trespass. B may take my horse or ox to the pound if found *damage feasant*, or he may turn him or drive him into the highway to get rid of him; but he cannot wantonly maim him, or drive him away so far that I cannot find him, or intentionally drive him away so as specially to discommode or injure me.

These principles are settled in *Gilson* v. *Fisk*, 8 N. H. 404, where it was held that if the sheep of B are found in the close of A by A, and he turn them into the highway, that would be lawful; but if A, after driving them into the highway, also drive them away to a considerable distance, to the injury of B, that was a wrongful act, and made A a trespasser, and amounted to a conversion of the sheep, so that either trespass or trover might have been maintained, but that both might be waived and *case for damages* maintained at the election of B.

If the defendent, in the case before us, had drawn all the wood into the highway and left it there for the plaintiffs, it might have been well; but when he drew a portion of it and piled it upon his own land, it may have been that he had other thoughts and intentions than to let the plaintiffs have it at all. Such conduct might be explained as being entirely consistent with the plaintiffs' rights, and it may be shown to have been in express violation of those rights. All the facts and circumstances, the sayings and doings of the defendant, so far as competent in connection with the few facts stated in the case, should be shown, and then, probably, a jury would have no difficulty in finding, under proper instructions, whether here was a conversion on the part of the defendant of this wood or not; but, as the case stands, there are not facts enough stated to warrant the ordering of a verdict either way.

*Verdict set aside.*

---

NOTE. This cause was tried before Mr. Justice SARGENT by jury, at the January term, 1873, when it appeared that the defendant, after hauling off this wood, put a part of it with other wood of the defendant, and that he afterwards chopped the same into cord-wood, split it, and piled it up with his other wood in such a way that it could not be distinguished or separated from the defendant's wood. All the facts were submitted to the jury upon the question of the conversion of the wood, and the jury found a verdict for the plaintiffs, upon which judgment was rendered without exception.